IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
BENTON DIVISION

| | |
|---|---|
| SHEREE WILLIAMS,<br><br>        Plaintiff,<br><br>v.<br><br>KOHL'S DEPARTMENT STORES, INC. and KOHL'S, INC.,<br><br>        Defendant. | Case No.:<br><br>**COMPLAINT**<br><br>**JURY DEMANDED** |

Now comes the Plaintiff, SHEREE WILLIAMS, by and through her attorneys, and for her Complaint against the Defendants, KOHL'S DEPARTMENT STORES, INC. and KOHL'S, INC., Plaintiff alleges and states as follows:

**PRELIMINARY STATEMENT**

1.    This is a complaint for damages, equitable relief, and injunctive relief for violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, *et seq.*, both as amended.

2.    This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

3.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this District.

4.    All conditions precedent to this Court's jurisdiction have occurred or have been complied with. Specifically:

1

      a.      Plaintiff filed a Charge of Discrimination, number 440-2019-05272, with the Equal Employment Opportunity Commission ("EEOC") on June 18, 2019.

      b.      The EEOC issued a Notice of Suit Rights to Plaintiff for said charge on December 9, 2020.

## PARTIES

5.      Plaintiff is an individual who at all relevant times resided in Mount Vernon, Illinois.

6.      On information and belief, Defendant KOHL'S DEPARTMENT STORES, INC. is a corporation of the State of Wisconsin, which is registered with the Secretary of State to conduct business in Illinois, and which has its principal place of business in Menomonee Falls, Wisconsin.

7.      On information and belief, Defendant KOHL'S, INC. is a corporation of the State of Delaware, which is registered with the Secretary of State to conduct business in Illinois, which has its principal place of business in Menomonee Falls, Wisconsin.

8.      Plaintiff and Defendants are "persons" as defined in 42 U.S.C. § 2000e(a) and 42 U.S.C. § 12111(7).

9.      Defendants are both an "employer" as defined in 42 U.S.C. § 2000e(b) and 42 U.S.C. § 12111(5)(A), as, on information and belief, they engaged in an industry affecting commerce and had 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

10.      Plaintiff was an "employee" as defined in 42 U.S.C. § 2000e(f) and 42 U.S.C. § 12111(4), as she was an individual employed by an employer, the Defendants.

11. Plaintiff was a "qualified individual" as defined in 42 U.S.C. § 12111(8), as she was an individual who, with or without reasonable accommodation, could perform the essential functions of the employment position that she held.

## BACKGROUND FACTS

12. Plaintiff began her employment with Defendants on or about October 23, 2013.

13. Plaintiff's most recent position with Defendants was as a Sales Lead.

14. Plaintiff worked at Defendants' store number 1396, located at 141 Davidson Road, Mount Vernon IL 62864,

15. Plaintiff performed the duties of her jobs to all legitimate expectations during her employment with Defendants.

16. During her employment with Defendants, Plaintiff endured discrimination based on her disabilities, severe anxiety, depression, and post-traumatic stress disorder, and her race, African American.

17. Plaintiff had previously been approved by Defendants, in 2016, for intermittent leave as a reasonable accommodation for her disabilities, which allowed Plaintiff to take one absence and up to four hours per week for medical appointments.

18. During or about June of 2017, Defendants' Assistant Manager, Lily Rodriguez ("Rodriguez"), referred to Plaintiff's children as "drug dealers" in front of multiple other employees.

19. Plaintiff reported Rodriguez's comment to the Store Manager at the time, Gaylen (last name unknown).

20. Despite Plaintiff's complaint about Rodriguez's discriminatory conduct, Defendants failed to take any action to remedy the situation, only claiming to have investigated the matter.

21. After Plaintiff reported the discrimination by Rodriguez, Rodriguez began to retaliate against Plaintiff by yelling at her, treating her with hostility, and assigning her tasks that were not normally performed by employees in her position.

22. During or about May of 2018, Elizabeth Dowdy ("Dowdy") took over as Store Manager of Defendant's store number 1396.

23. Dowdy began to discriminate against Plaintiff on the basis of Plaintiff's disabilities by aggressively challenging her medical absences and denying her the opportunity to obtain a management position.

24. Plaintiff applied for the management position, but Dowdy instead filled the position with a part-time employee who had been with the company for a shorter time than Plaintiff. The employee chosen for the position was Caucasian.

25. Plaintiff inquired as to the reason why she was not hired for the position of Apparel Supervisor, to which Dowdy replied that it was due to Plaintiff's absences, which Plaintiff took for medical reasons, as described above.

26. During or about December of 2018, Plaintiff sought to apply for the position of Omni Supervisor.

27. Dowdy hired a Caucasian employee for the Omni Supervisor position without ever posting it, denying Plaintiff the opportunity to apply for the position.

28. During or about January of 2019, Plaintiff suffered a panic attack and used leave to cover the brief time she missed, which amounted to less than one hour.

29. In response, Dowdy called Defendants' human resources department and spoke to Plaintiff's case worker, insisting that the absence was not approved.

30. On information and belief, during or about January of 2019, a Caucasian employee who was over two hours late to work was not written up or challenged about her absence.

31. After Plaintiff had complained to Defendants' human resources department on multiple occasions about Rodriguez's and Dowdy's discriminatory behavior towards her, Plaintiff began receiving write-ups and other disciplinary actions in retaliation for her complaints.

32. During or about March of 2019, Plaintiff reported a medical absence. Dowdy again attempted to interfere with Plaintiff's use of her reasonable accommodation medical leave by calling Defendants' human resources department and telling them not to approve the absence.

33. When Plaintiff asked Dowdy why she was calling to challenge her medical absences, Dowdy wrongfully claimed that Plaintiff needed to speak to her first before using her approved medical leave.

34. On or about April 22, 2019, Plaintiff emailed Defendants' human resources department, requesting contact information for Defendants' Regional Manager in order to report the discriminatory treatment described above.

35. The next day, on or about April 23, 2019, Defendants terminated Plaintiff's employment.

36. Defendants' motivation for the termination of Plaintiff's employment was the discrimination described above and retaliation for Plaintiff's complaints about discrimination.

## COUNT I
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
## DISCRIMINATION BASED ON RACE

37. Plaintiff incorporates all of the allegations and statements contained above as if reiterated herein.

38. Defendants, in violation of 42 U.S.C. § 2000e, have denied and continue to deny Plaintiff an equal opportunity for employment due to her race, African-American.

39. During Plaintiff's employment with Defendants, she was subjected to racial discrimination in that there was a double standard between the treatment of African-American employees and non-African-American employees.

40. The discriminatory treatment to which Plaintiff was subjected includes, but is not limited to, the instances alleged above. All of the actions of the individuals described herein were undertaken in their capacities as the employees, agents, and/or authorized representatives of Defendants.

41. Defendants, through their employees, agents, and/or authorized representatives, knew that their termination and discriminatory treatment of Plaintiff because of her race violated Title VII.

42. This is a proceeding for declaratory judgment as to Plaintiff's right of a permanent injunction restraining Defendants from maintaining a policy, practice, usage, or custom of discriminating against Plaintiff because of her race with respect to compensation, terms, conditions, and/or privileges of employment, depriving Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee, because of her race. This Complaint also seeks restitution to Plaintiff for the denial of all of her rights, privileges, benefits,

and income that would have been received by her but for Defendants' unlawful and illegal discriminatory acts and practices.

43. Plaintiff has no plain, adequate, or complete remedy at law to address the wrongs alleged herein, and this suit for injunctive relief is her only means of securing adequate relief. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendants' policy, practice, custom, and usage as set forth herein, unless and until it is enjoined by the Court.

## COUNT II
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT
## DISCRIMINATION BASED ON DISABILITY

44. Plaintiff incorporates all of the allegations and statements contained above as if reiterated herein.

45. Defendants intentionally discriminated against Plaintiff on the basis of her disabilities by refusing to honor approved accommodations for Plaintiff's disabilities, taking disciplinary action against her for the use of approved medical leave, and by terminating Plaintiff's employment due to her disabilities.

46. In taking such actions, Defendants also retaliated against Plaintiff because of her disabilities and/or her use of approved accommodations and use of medical leave due to her disabilities.

47. Defendants, through their employees, agents, and/or authorized representatives, knew that their retaliation, termination, and discriminatory treatment of Plaintiff violated the ADA.

48. Defendants' actions were in willful and wanton violation of Plaintiff's rights.

49. During Plaintiff's employment with Defendants and when Plaintiff was terminated by Defendants, she was subjected to discrimination and retaliation for engaging in a legally protected activity, as set forth above.

50. The retaliatory treatment to which Plaintiff was subjected includes, but is not limited to, the instances alleged above. All of the actions of the individuals described herein were undertaken in their capacities as the employees, agents, and/or authorized representatives of Defendants.

51. This is a proceeding for declaratory judgment as to Plaintiff's right of a permanent injunction restraining Defendants from maintaining a policy, practice, usage, or custom of discriminating against Plaintiff because of her race with respect to compensation, terms, conditions, and/or privileges of employment, depriving Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee, because of her disabilities. This Complaint also seeks restitution to Plaintiff for the denial of all of her rights, privileges, benefits, and income that would have been received by her but for Defendants' unlawful and illegal discriminatory acts and practices.

52. Plaintiff has no plain, adequate, or complete remedy at law to address the wrongs alleged herein, and this suit for injunctive relief is her only means of securing adequate relief. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendants' policy, practice, custom, and usage as set forth herein, unless and until it is enjoined by the Court.

### COUNT III
### VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
### DUE TO RETALIATION

53. Plaintiff incorporates all of the allegations and statements made above as if fully reiterated herein.

54. Defendants, in violation of 42 U.S.C. § 2000e, have denied and continue to deny Plaintiff an equal opportunity in retaliation for opposing and reporting unlawful discrimination.

55. During Plaintiff's employment with Defendants and when Plaintiff was terminated by Defendants, she was subjected to discrimination and retaliation for engaging in a legally-protected activity, as set forth above.

56. The retaliatory treatment to which Plaintiff was subjected includes, but is not limited to, the instances alleged above. All of the actions of the individuals described herein were undertaken in their capacities as the employees, agents, and/or authorized representatives of Defendants.

57. Defendants, through their employees, agents and/or authorized representatives, knew that their retaliation, termination, and discriminatory treatment of Plaintiff because of her opposing Defendants' unlawful employment practices violated Title VII.

58. This is a proceeding for declaratory judgment as to Plaintiff's right of a permanent injunction restraining Defendants from maintaining a policy, practice, usage, or custom of retaliating against Plaintiff because of her engaging in a protected activity with respect to compensation, terms, conditions, and/or privileges of employment, depriving Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee, because of her opposition to unlawful employment practices. This Complaint also seeks restitution to Plaintiff for the denial of all of her rights, privileges, benefits, and income that would have been received by her but for Defendants' unlawful and illegal retaliatory acts and practices.

59. Plaintiff has no plain, adequate, or complete remedy at law to address the wrongs alleged herein, and this suit for injunctive relief is her only means of securing adequate relief. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendants' policy, practice, custom, and usage as set forth herein, unless and until it is enjoined by the Court.

## COUNT IV
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT
## RETALIATION BASED ON DISABILITY

60. Plaintiff incorporates all of the allegations and statements contained above as if reiterated herein.

61. Defendants intentionally discriminated against Plaintiff on the basis of her disabilities by refusing to honor approved accommodations for Plaintiff's disabilities, taking disciplinary action against her for the use of approved medical leave, and by terminating Plaintiff's employment due to her disabilities.

62. In taking such actions, Defendants also retaliated against Plaintiff because of her disabilities and/or her use of approved accommodations and use of medical leave due to her disabilities.

63. Defendants, through their employees, agents, and/or authorized representatives, knew that their retaliation, termination, and discriminatory treatment of Plaintiff violated the ADA.

64. Defendants' actions were in willful and wanton violation of Plaintiff's rights.

65. During Plaintiff's employment with Defendants and when Plaintiff was terminated by Defendants, she was subjected to discrimination and retaliation for engaging in a legally protected activity, as set forth above.

66. The retaliatory treatment to which Plaintiff was subjected includes, but is not limited to, the instances alleged above. All of the actions of the individuals described herein were undertaken in their capacities as the employees, agents, and/or authorized representatives of Defendants.

67. This is a proceeding for declaratory judgment as to Plaintiff's right of a permanent injunction restraining Defendants from maintaining a policy, practice, usage, or custom of

retaliating against Plaintiff because of her reasonable accommodations for her disabilities and engaging in a protected activity, with respect to compensation, terms, conditions, and/or privileges of employment, depriving Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee, because of her reasonable accommodations for her disabilities and her opposition to unlawful employment practices. This Complaint also seeks restitution to Plaintiff for the denial of all of her rights, privileges, benefits, and income that would have been received by her but for Defendants' unlawful and illegal retaliatory acts and practices.

68. Plaintiff has no plain, adequate, or complete remedy at law to address the wrongs alleged herein, and this suit for injunctive relief is her only means of securing adequate relief. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendants' policy, practice, custom, and usage as set forth herein, unless and until it is enjoined by the Court.

WHEREFORE, Plaintiff, SHEREE WILLIAMS, respectfully prays this Honorable Court enter judgment against Defendants, KOHL'S DEPARTMENT STORES, INC. and KOHL'S, INC., as follows:

    a. Declaring the Defendants' practices complained of herein unlawful and in violation of Title VII and the ADA;

    b. Permanently enjoining Defendants, their agents, successors, officers, employees, representatives, attorneys, and those acting in concert with it or them from engaging in the unlawful practices, policies, customs, and usages set forth herein, and from continuing any and all practices shown to be in violation of applicable law;

    c. Ordering modification or elimination of the practices, policies, customs, and usages set forth herein and all other such practices shown to be in

        violation of applicable law, ensuring Defendants will not continue to discriminate or retaliate against employees for exercising their rights under Title VII and/or the ADA;

d. Immediately assigning Plaintiff to the position she would now be occupying but for the discriminatory and retaliatory practices of Defendants, and adjusting the wage rates, salaries, bonuses, and benefits for Plaintiff to those which she would have received but for the discriminatory practices of Defendants, or awarding Plaintiff front-end and future pay;

e. Compensating and making Plaintiff whole for all earnings, wages, bonuses, and other benefits that Plaintiff would have received but for the discriminatory practices of Defendants and the willful violations of Defendants;

f. Compensating and making Plaintiff whole for all other damages Plaintiff incurred as a result of the discriminatory and retaliatory practices of Defendants, and for the willful violations of Defendants;

g. Awarding Plaintiff all witness fees, court costs, and other litigation costs incurred in this Action, including reasonable attorneys' fees; and

h. Awarding Plaintiff compensatory, liquidated, and/or punitive damages as allowed by applicable law; and

i. Granting such other relief as may be just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues in this action so triable, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her claims in this action.

                        RESPECTFULLY SUBMITTED,

                        SHEREE WILLIAMS

By:    /s/ David B. Levin
        Attorney for Plaintiff
        Illinois Attorney No. 6212141
        Law Offices of Todd M. Friedman, P.C.
        111 W. Jackson Blvd., Suite 1700
        Chicago, Illinois 60604
        Phone: (224) 218-0882
        Fax: (866) 633-0228
        dlevin@toddflaw.com